# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE LUSTER,

    Plaintiff,

vs.

TRINITY PHARRIS, et al.,

    Defendants.

Case No. 2:10-CV-00157-RLH-(PAL)

**ORDER**

    Before the court is plaintiff's complaint. The court has reviewed it, and the court will dismiss this action.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

1    Plaintiff is a prisoner at the High Desert State Prison. He claims that defendants
2 have hindered his access to the courts because the law library at the prison is inadequate.
3    Plaintiff has a right of effective access to the courts. Lewis v. Casey, 518 U.S. 343,
4 346 (1996). Plaintiff must prove an actual injury to that right, such as a missed filing deadline or
5 the inability to present a claim. Id. at 348.
6    Plaintiff cannot meet the actual-injury standard. He does not allege what filing
7 deadline he missed or what claim he was unable to present. The court has reviewed plaintiff's other
8 actions to find a possible injury to his right of access to the courts. Plaintiff has another civil rights
9 action pending in this court, Luster v. Schomig, 2:04-CV-00281-LRH-(LRL), and it is proceeding to
10 trial. Plaintiff has not suffered an actual injury to his right of access to the courts in that action.
11 Plaintiff has also filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Luster v.
12 Director, 2:04-CV-00334-RLH-(RJJ). The court has stayed that action while plaintiff returns to
13 state court to exhaust his available remedies for all grounds. The court appointed counsel to
14 represent plaintiff in that action, and the appointment satisfies his right of access to the courts. See
15 Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).
16    Plaintiff cannot allege that defendants deprived him of his right of access to the
17 courts with respect to this action. Plaintiff commenced this action in state court. Defendants
18 removed the action to this court, and defendants paid the filing fee for plaintiff. Defendants have
19 not hindered plaintiff from access to the courts; defendants have assisted plaintiff with access to the
20 courts.
21    Also before the court is plaintiff's application to proceed in forma pauperis (#12).
22 This application is moot because defendants have paid the filing fee.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1    IT IS THEREFORE ORDERED that the application to proceed in forma pauperis
2 (#12) is **DENIED** as moot.
3    IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a
4 claim upon which relief can be granted. The clerk of the court shall enter judgment accordingly.
5    DATED: June 30, 2010.

                                                                                                 _____
ROGER L. HUNT
Chief United States District Judge